David Bagell, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

648

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■

Argued March 5, 1981, before President Judge CRUMLISH and Judges BLATT and CRAIG sitting as a panel of three.

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

*Miles Warner*, with him, *S. Simpson Gray*, for petitioner.

*Steven R. Marcuse*, Assistant Attorney General, with him, *Richard Wagner*, Chief Counsel, and *Harvey Bartle, III*, Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, June 12, 1981:

David Bagell appeals a decision of the Unemployment Compensation Board of Review affirming the dismissal of his claim for failure to file a timely appeal. We affirm.

On April 6, 1979, the Office of Employment Security ruled that Bagell was ineligible to receive benefits under Section 402(h) of the Unemployment Com-

pensation Law.[1] In addition to this ruling, the Office also determined that Bagell must recoup a fault overpayment of $1,924. Notices of the rulings were mailed to Bagell on April 6, 1979. The notices designated April 23, 1979, as the last date on which Bagell could file an appeal.

On May 2, 1979, the Office issued a corrected determination ruling that Bagell's fault overpayment was $1,776. A copy of this determination was mailed to Bagell which erroneously designated April 23, 1979, as the final date for filing an appeal. Bagell appealed the fault overpayment on October 29, 1979.

Bagell asserts that he shouldn't be time barred because it was the Office's negligence which caused his late filing. He argues that he would have timely filed if it hadn't been for the confusion which resulted when the Office sent a determination notice which designated a final appeal date prior in time to the notice's actual postmark. We find no merit in this argument.

We note with considerable interest that Bagell failed to take any steps to appeal the Office's initial determination dated April 6, 1979.[2] With the exception of a computation error in Bagell's favor, the April 6th ruling placed Bagell on notice that he had received an adverse decision which could be appealed at any time prior to April 23, 1979. Bagell's assertion that the May 2nd notice confused him is a lame effort to obtain a second try for a favorable result.

Affirmed.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §802(h).

[2] Bagell testified that he placed a phone call to the compensation authorities seeking information concerning the appeal process. However, the record fails to substantiate when and to whom the call was made.

## ORDER

The decision of the Unemployment Compensation Board of Review dated February 5, 1980, dismissing David Bagell's appeal for failure to timely appeal is affirmed.

Judge WILKINSON, JR., did not participate in the decision in this case.

---

CONCURRING AND DISSENTING OPINION BY JUDGE BLATT:

I wish to concur in the result only.

Inasmuch as the claimant's appeal was untimely because he did not file it until many months after any possible date of appeal considered here had elapsed, we do not reach the question of whether or not April 23, 1979 was the last day of appeal. It seems to me, however, that the majority opinion, after stating that the notice of May 2, 1979 *erroneously* designated April 23, 1979 as the final date for filing an appeal, subsequently seems to indicate that the April 6, 1979 notice, with its April 23, 1979 filing deadline, *is* controlling.